IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    v.                                        Criminal Nos. 2:13cr12
                                                      2:13cr13
                                                      2:13cr14

GEORGE HERMAN RUTH,
            Defendant.

## **ORDER/OPINION**

On the 3RD day of April 2013, came the defendant, George Herman Ruth, in person and by his counsel, Brian Kornbrath, and also came the United States by its Assistant United States Attorney, Andrew Cogar, pursuant to an Amended Petition for Warrant or Summons for Offender Under Supervision filed in this case on April 3, 2013, alleging:

1) <u>Violation of Mandatory Condition No. 1: The defendant shall not commit another federal, state, or local crime.</u>

2) <u>Violation of Standard Condition: The defendant shall not leave the judicial district without the permission of the Court or Probation Officer.</u>

3) <u>Violation of Standard Condition: The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.</u>

4) <u>Violation of Special Condition: The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.</u>

5) <u>Violation of Standard Condition: The defendant shall notify the probation officer within 72 hours of any change in residence or employment.</u>

6) <u>Violation of Special Condition: The defendant is prohibited from obtaining any employment or self employment with a fiduciary responsibility unless approved by the Probation Officer.</u>

7) <u>Violation of Special Condition: The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.</u>

8) <u>Violation of Special Conditions: The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the Probation Officer, unless the defendant is in compliance with a payment schedule for any restitution obligation. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the restitution obligation or otherwise has express approval of the court.</u>

The Court heard the testimony of William C. Bechtold, Jr., Defendant's supervising United States Probation Officer.[1] Officer Bechtold testified Defendant was released to Bannum House (a halfway house) in September 2012. His supervision commenced on February 22, 2013. Officers attempted to find his residence at that time, but the address could not be found by GPS. They then went to his place of employment to ask him where the residence was physically located. A lady at the business, Wind Meal Pizza, told the officers Defendant wasn't there, and that he was not an employee, he was the owner. The officer had received from Defendant a verification of employment signed by Vanessa Runner, which said she was the manager of the business and Defendant was the night supervisor making $300.00 per week. When later interviewed, Ms. Runner said she had never signed such a letter.

Officer Bechtold testified that on February 27, 2013, Defendant advised he had no assets, used his mother's vehicle, and made $300.00 per week as the night manager at Wind Meal. Based on those assertions, Officer Bechtold allowed Defendant until April 1, 2013, to comply with his restitution order of $200.00 per month.

After being told Defendant owned the pizza business, Officer Bechtold conducted surveillance. During the surveillance, he saw two snow-covered vehicles at the pizza shop, with License plates indicating some version of the words Wind Meal. NCIC check showed both were owned by Defendant.

---

[1] Defendant was originally sentenced in January 1995, February 2003, and in August 2008, in the Southern District of Indiana and the District of New Jersey. His supervised release was subsequently revoked , and his revocation supervision commenced on February 22, 2013.

Defendant's residence and business were searched March 26, 2013, pursuant to Supervised Release conditions. Officers seized a "Player's Card" from a casino in Indiana in Defendant's suitcase. The casino was contacted and advised that that card was used on March 4th 2013 to play a slot machine. Over $4000.00 was put into the machine, and the player won $2,000.00. A tax form also indicated Defendant had $2,000.00 in gambling winnings.

Receipts from a Red Lobster and a Road Runner also showed Defendant traveled to Tennessee in the end of March. Officer Bechtold sent a picture of Defendant to the waitress at the Red Lobster, who said she was "80%" sure Defendant had been a customer that day. Defendant was not permitted to travel outside this district without permission. Not only did he not have permission, but Officer Bechtold had denied his request to go to Tennessee in order to "buy equipment for his employer."

In the search of the pizza shop officers found checkbooks, deposits to Defendant's accounts, payroll accounts, and personal accounts. Statements showed cash flow in and out. A March 13th receipt for three packages of ground chuck and Old el Paso mix showed the purchase was made in part with a food stamp card. The application for Food Stamps indicated Defendant lived by himself and had no income or assets. He had never informed the office of any change in his circumstances, and still received food stamps. The shop also contained numerous receipts from credit card charges, including payments to an American Express card. One account was for George S. Ruth in Salt Lake City, Utah. The Probation Office was investigating but as yet did not know to whom the other cards belonged. There was also a checkbook for an investment firm in Defendant's name, but the Probation Office had not yet been able to determine if there was any money in it.

A contract indicated Defendant had purchased Wind Meal Pizza from Bradford Robinson on November 17, 2012, prior to his supervised release. He was to pay $12,000.00 cash that day plus

a $3,000.00 gift card, and would pay $6,000.00 in May. The business license for the shop was in Defendant's name. Checks to utilities were either in his name or Wind Meal.

Prior to the search, Defendant was to have submitted a financial affidavit to Probation. He did not submit it, but it was found completed and signed at the residence during the search. It indicated his income as $1200.00 per month with no vehicle, no business, and no bank accounts. When asked where the $12,000.00 came from to buy the business, Defendant told the officer that had happened before his conditions of supervised release were in effect, so he did not have to tell them. He also said it was his nephew who traveled to Tennessee. He denied traveling to the casino in Indiana, indicating he may have been the victim of identity theft; however, the Player's Card was registered to him, and was found at his residence. Defendant had been associated with a felon in Indiana, and had listed that person as a reference.

When the residence where Defendant said he was living was searched, it did not appear he was living there. On March 17, he entered into a verbal agreement to rent a trailer next door, according to the trailer's owner.

Ms. Runner said she and Defendant had an agreement where she was going to purchase the business from him for $22,000.00. He told her the profits in February were $500.00, although it appeared there was much more. The evidence was that Defendant owned the business. At the end of February, two deposits were made into Defendant's Freedom account for $22,000.00 and $11,000.00. He then wrote and signed checks to himself for $33,000.00.

Upon consideration of all which, and as indicated on the record, the Court finds there is probable cause to believe that the defendant violated each and every condition of his supervised release alleged in the Amended Petition for Warrant or Summons for Offender Under Supervision filed April 3, 2013.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable John Preston Bailey, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in the Amended Petition for Warrant or Summons for Offender Under Supervision filed April 3, 2013.

The United States moved for detention pending further proceedings. Defendant, through counsel, argued that he was not a flight risk or a danger to the community, and any such risk could be mitigated by his being on home incarceration with electronic monitoring. The Court, however, noted that one of Defendant's past crimes was fraud, committed while Defendant was in prison. The Court could not find home incarceration with electronic monitoring could in any way prevent Defendant from committing additional crimes if he was capable of committing them while in federal prison. The Court therefore finds Defendant is a flight risk and a danger to the community if released.

Upon consideration of all which, it is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings.

The Clerk of the Court is directed to send a copy of this order to counsel of record.

DATED: April 4, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE